UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA MARIE HAMM,

                      Plaintiff,

    -v-

ANDREW SAUL,
Commissioner of Social Security,

                      Defendant.

18-CV-6198-MJR
DECISION AND ORDER

---

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 21).

Plaintiff Cynthia Marie Hamm brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security finding her ineligible for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Hamm's motion (Dkt. No. 12) is granted, the Commissioner's motion (Dkt. No. 19) is denied, and this case is remanded.

## BACKGROUND[1]

On May 23, 2014, Hamm filed protectively applications for DIB and SSI, alleging disability as of May 13, 2014, due to stomach pain and partial removal of bowels. (Tr. 106-107, 184-196, 214).[2] Her applications were denied on July 30, 2014, and she

---

[1] The Court assumes the parties' familiarity with the record in this case.
[2] References to "Tr." are to the administrative record in this case.

requested a hearing on September 5, 2014, before an administrative law judge ("ALJ"). (Tr. 108-115, 121-123). A video hearing was held before ALJ Paul Greenberg on April 4, 2016. (Tr. 62-89). Hamm appeared from Rochester, New York, along with her attorney. The ALJ appeared from Alexandria, Virginia. A vocational expert also appeared. On November 10, 2016, the ALJ issued a decision finding Hamm not disabled. (Tr. 21-32). That decision became final when on January 8, 2018, the Appeals Council denied Hamm's request for review. (Tr. 1-7). This action followed.

## DISCUSSION

### I.  Scope of Judicial Review

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective

medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements

of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to

the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Hamm had not engaged in substantial gainful activity ("SGA") since May 13, 2014, her alleged onset date. (Tr. 23). At step two, the ALJ concluded that Hamm has the following severe impairments: gastrointestinal disorder status post bowel resection, anxiety disorder, and affective disorder. (Tr. 23-24). At step three, the ALJ found that Hamm does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 24). Before proceeding to step four, the ALJ assessed Hamm's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . except for these additional limitations: The claimant can climb ramps and stairs, kneel, crouch, and crawl. She cannot climb ladders, ropes, or scaffolds. She must work in a facility with ready access to a bathroom. As part of a job, the claimant can have frequent interaction with co-workers and the public. She cannot work in a fast-paced production environment.

(Tr. 25). Proceeding to step four, the ALJ found that Hamm is unable to perform any past relevant work. (Tr. 30). At step five, the ALJ found that, considering Hamm's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, namely, Laundry Worker, Housekeeper, and Office Helper. (Tr. 30-31). Accordingly, the ALJ concluded that Hamm is not disabled under the Act. (Tr. 31).

IV. _Hamm's Challenges_

Hamm argues, *inter alia,* that this case must be remanded because: (1) the ALJ improperly applied the "treating physician rule" to the opinion of her treating psychologist, Dr. Tansy Deutsch, Psy.D. and (2) the ALJ's physical RFC is not supported by substantial evidence as the ALJ gave limited weight to all of the medical opinion evidence and conceded that his RFC finding was not based on any medical opinion evidence. The Court agrees.

The "treating physician rule" "requires the ALJ to give 'controlling weight' to the opinion of a claimant's treating physician regarding 'the nature and severity of [the claimant's] impairment(s) . . . [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Piatt v. Colvin*, 80 F.Supp.3d 480, 491 (W.D.N.Y. 2015) (quoting 20 C.F.R. § 404.1527(c)(2)). "Even where a treating physician's opinion is not entitled to 'controlling weight,' it is generally entitled to 'more weight' than the opinions of non-treating and non-examining sources." *Hamm v. Colvin*, No. 16CV936(DF), 2017 WL 1322203, at *17 (S.D.N.Y. Mar. 29, 2017).

If an ALJ decides that the opinion of a treating physician is not entitled to controlling weight, he or she must determine how much weight, if any, to give it. In doing so, the ALJ must "explicitly consider" the following factors (the so-called *Burgess* factors): "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925

IV. _Hamm's Challenges_

Hamm argues, *inter alia,* that this case must be remanded because: (1) the ALJ improperly applied the "treating physician rule" to the opinion of her treating psychologist, Dr. Tansy Deutsch, Psy.D. and (2) the ALJ's physical RFC is not supported by substantial evidence as the ALJ gave limited weight to all of the medical opinion evidence and conceded that his RFC finding was not based on any medical opinion evidence. The Court agrees.

The "treating physician rule" "requires the ALJ to give 'controlling weight' to the opinion of a claimant's treating physician regarding 'the nature and severity of [the claimant's] impairment(s) . . . [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Piatt v. Colvin*, 80 F.Supp.3d 480, 491 (W.D.N.Y. 2015) (quoting 20 C.F.R. § 404.1527(c)(2)). "Even where a treating physician's opinion is not entitled to 'controlling weight,' it is generally entitled to 'more weight' than the opinions of non-treating and non-examining sources." *Hamm v. Colvin*, No. 16CV936(DF), 2017 WL 1322203, at *17 (S.D.N.Y. Mar. 29, 2017).

If an ALJ decides that the opinion of a treating physician is not entitled to controlling weight, he or she must determine how much weight, if any, to give it. In doing so, the ALJ must "explicitly consider" the following factors (the so-called *Burgess* factors): "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925

F.3d 90, 95-96 (2d Cir. 2019) (*per curiam*) (internal quotations and citations omitted). The ALJ must give "good reasons" for the weight given to the treating physician's opinion. *Id.* at 96 (internal quotations and citations omitted). An ALJ's failure to "explicitly" apply the *Burgess* factors is a procedural error, and such error is not harmless, unless "a searching review of the record" shows that the substance of the treating physician rule was not traversed[.]" *Id.* (internal quotations and citations omitted); see also *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Merkel v. Comm'r of Soc. Sec.*, 2018 WL 6438944 *1, *5 (W.D.N.Y. Nov. 28, 2018) (the ALJ was "required to explain why he has not adopted certain medical opinions, particularly those given by a plaintiff's treating physician for important functions such as walking and standing..." where plaintiff had gone through several knee surgeries); *Chalk v. Berryhill*, No. 16-cv-6494, 2017 WL 4386811, * 11 (W.D.N.Y. Sept. 29, 2017) ("Because the ALJ failed to set forth comprehensive reasons for rejecting plaintiff's treating physicians' opinions here, the denial of benefits was not supported by substantial evidence."); *Cordero v. Colvin*, No. 1:15-cv-00845(MAT), 2016 WL 6829646, *5 (W.D.N.Y. Nov. 21, 2016)( remanded where "none of the regulatory factors support a decision not to afford controlling weight to [treating physician]."). *Goldthrite v. Astrue*, 535 F.Supp.2d 329, 336 (W.D.N.Y. 2008) (remanded where the ALJ rejected the treating physician's opinion and gave "greater weight to a consultative exam... that gave no specific description of the Plaintiff's functional limitations other than 'mild restriction.'").

Here, the ALJ gave limited weight to the opinions of Hamm's treating psychologist, Dr. Deutsch, who had been treating Hamm for over two years. Instead, the ALJ gave substantial weight to the opinion of consultative psychologist Dr. Christine Ransom,

Ph.D., who examined Hamm only once, in July 2014. In rejecting Dr. Deutsch's opinions, the ALJ did not explicitly consider the *Burgess* factors. In fact, he did not even mention them. This was procedural error.

The ALJ gave two reasons for rejecting Dr. Deutsch's treating opinions: (1) because Dr. Deutsch opined that Hamm's conditions were longstanding and she was able to engage in SGA prior to the onset date, she must be able to do so now; and (2) "[t]o a significant extent, Dr. Deutsch links the claimant's more-recent alleged mental health difficulties to her physical problems, which suggests that the claimant's mental impairment is somewhat situational." (Tr. 30). However, these reasons make no sense and are not adequately grounded in the regulatory factors. Thus, they do not constitute "good reasons" for rejecting Dr. Deutsch's opinions.

The ALJ's first reason makes no sense as it is contrary to the whole regulatory framework. The ALJ's own decision establishes that Hamm had not engaged in SGA during the relevant time period. (Tr. 23). The ALJ's apparent meaning is that because Hamm could engage in SGA prior to the alleged onset date, her mental impairments could not currently preclude her from doing so. This is a *non sequitur*.

The second reason offered by the ALJ is equally unavailing. He rejects Dr. Deutsch's opinion because it relates to "situational" mental factors that result from Hamm's physical condition. Even if this were the case, it is not a good reason to reject her opinion. The ALJ was required to consider the combined effect of Hamm's physical and mental impairments, with an understanding that her physical impairments could have a significant effect on her mental functioning. See *Catoe v. Berryhill*, 2019 WL 483319, *6 (W.D.N.Y. Feb. 7, 2019) (remanding for consideration of whether the plaintiff's

"impairments, alone or in combination with his physical impairments, affect his ability to engage in substantial gainful activity"); *Urena-Perez v. Astrue*, 2009 WL 1726217, *27 (S.D.N.Y. Jan. 6, 2009), report and recommendation adopted as modified, 2009 WL 1726212 (S.D.N.Y. June 18, 2009) (remanding where the ALJ "failed to assess the combined effects of the plaintiff's acknowledged physical and psychiatric conditions"); *Czuba v. Astrue*, 2008 WL 2781546, *3 (W.D.N.Y. July 14, 2008) (remanding where "the ALJ committed error by failing to consider such mental conditions in combination with plaintiff's physical limitations in evaluating her residual functional capacity"); *Bentley v. Apfel*, 106 F. Supp. 2d 371, 385 (D. Conn. 2000) (remanding and noting that "if the ALJ finds that a psychological impairment exists, then the ALJ must consider the combined effect of plaintiff's physical and psychological impairments"; "The Regulations require the ALJ to consider all of a claimant's impairments together 'without regard to whether any such impairment, if considered separately, would be of sufficient severity' to be disabling.") (citing 20 C.F.R. § 404.1523).

Moreover, there is no indication that even if Hamm's mental impairments were somehow "situational," they were not functionally disabling as outlined by Dr. Deutsch in her opinions.

In sum, the Court finds that the ALJ improperly rejected the medical opinion of the treating psychologist. The ALJ did not expressly consider the *Burgess* factors and did not provide good reasons for not giving such opinion controlling weight. Further, after a searching review of the record, the Court cannot say that the treating physician rule was not traversed in this case. The case must therefore be remanded.

The Court further finds that the ALJ erred by determining Hamm's physical RFC without relying on any medical opinion evidence. Indeed, the ALJ conceded as much. (Tr. 29). He relied on the medical record and his own lay opinion. This was error and requires remand. See *Salone v. Berryhill*, 2018 WL 6333421, *3 (W.D.N.Y. Dec. 5, 2018) ("The ALJ was within his discretion to afford limited weight to Dr. Balderman's opinion. However, with no function-by-function assessment available in the record, the ALJ was not free to assess Plaintiff's RFC based on bare medical findings and his own lay opinion. His failure to further develop the record warrants remand.") (citing *Jermyn v. Colvin*, 2015 WL 1298997, *19 (where "none of these medical sources assessed Plaintiff's functional capacity or limitations," the ALJ's RFC determination was "wholly unsupported by any medical evidence," and further development of the record was necessary)); *Judd v. Berryhill*, 2018 WL 6321391, *8 (W.D.N.Y. Dec. 4, 2018) ("[E]ven though the Commissioner is empowered to make the RFC determination, '[w]here medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself.'"); *Stubbs v. Comm'r of Soc. Sec.*, 2018 WL 6257431, *7 (W.D.N.Y. Nov. 30, 2018); *Henry v. Berryhill, 2018 WL 6039297*, *7 (W.D.N.Y. Nov. 19, 2018); *Nelson v. Comm'r of Soc. Sec.*, 2018 WL 6844172, *3 (W.D.N.Y. Dec. 18, 2018) ("[T]he ALJ failed to appropriately consider the medical opinions of record and the ALJ's assessment of Plaintiff's RFC was not supported by competent medical opinion.") (citing *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474

(W.D.N.Y. 2016) ("[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.")) [3].

## CONCLUSION

For the reasons stated, Hamm's motion for judgment on the pleadings (Dkt. No.12) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 19) is denied, and this case is remanded.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: May 22, 2020
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[3] Hamm raises two additional arguments: (1) the ALJ erred in failing to consider a closed period of disability; and (2) the Appeals Council erred in rejecting an additional treating opinion from Dr. Deutsch. Because the Court is already remanding the case for the reasons stated, these issues should be considered on remand as well.